**UNITED STATES of America ex rel. Neil JOHN, Petitioner,**

v.

**PEOPLE of the STATE of NEW YORK, Respondent.**

No. 91 Civ. 7634 (VLB).

United States District Court, S.D. New York.

Nov. 15, 1994.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

**I**

Neil John for the third time invokes the Great Writ of *habeas corpus* under 28 U.S.C. § 2254 to challenge his conviction for murder on May 6, 1992 on the ground that the evidence at his preliminary hearing was insufficient and prejudicially incomplete. Because this petition was sent by envelope referring to an earlier petition, 91 Civ. 7634 (VLB), it is treated as a motion for reconsideration as well as being considered as a new petition.

While under 28 U.S.C. § 2254(b) such a petition cannot be granted if state remedies have not been exhausted, this question need not be considered if, as here, the interests of federalism in avoiding further litigation favor

a denial on the merits. *Washington v. James,* 996 F.2d 1442, 1451 (2d Cir.1993).

Treating petitioner's submission as a motion for reconsideration of the earlier ruling, reconsideration is granted and the former decision denying the petition in 91 Civ. 7634 (VLB) reaffirmed. Treating the current petition as a new filing, it is denied because it repeats the same contentions previously rejected, and because it appears plainly from the face of the petition that petitioner is not entitled to relief.

## II

In a petition filed more than three years ago and denied in *John v. People,* 91 Civ. 2207 (S.D.N.Y. April 1, 1991) (CLB), petitioner first contended that his conviction should be set aside because of alleged deficiencies in the conduct of his preliminary hearing.

A second petition asserting the same ground for challenging petitioner's murder conviction was denied as repetitive and without merit in *John v. People,* 1992 WL 261282, 1992 U.S.Dist. LEXIS 15113 (S.D.N.Y. September 29, 1992, 91 Civ. 7634) (VLB). I pointed out that "there is no federal constitutional requirement for a preliminary hearing as a prerequisite to a valid conviction at trial." Id. at 1. On November 19, 1992 petitioner filed a notice of appeal from the judgment resulting from this ruling; the appeal was dismissed by the Second Circuit on February 10, 1993 because of petitioner's failure to pursue the appeal as required by the Circuit's Civil Appeal Management Plan.

The current (undated) petition—also treated here as a motion to reconsider the ruling in 91 Civ. 7634 in 1992—was postmarked November 7, 1994. The current submission makes the same contention as the two earlier ones: that petitioner's preliminary hearing was inadequate because of insufficiency and incompleteness of evidence.

## III

■ Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a "second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds ... or constituted an abuse of the writ." The current submission makes the same argument for the third time. It fails to allege new or different grounds, and by virtue of its repetitiousness abuses the safeguard for our liberties established by the Great Writ under our Constitution.[1]

## IV

■ As pointed out in the order of September 29, 1992, preliminary hearings and similar proceedings are addressed solely to pretrial disposition of defendants and initiation of prosecution where called for; errors committed at those stages do not in normal course affect the validity of any subsequent conviction. See *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). Consequently any shortfall in the evidence at a preliminary hearing is harmless error with respect to a subsequent trial. *Brecht v. Abrahamson,* —— U.S. ——, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

## V

■ Even were petitioner's preliminary hearing improperly conducted leading to detention without probable cause and were this an issue which would be relevant to petitioner's conviction, petitioner's contention amounts to a claim of temporary seizure of petitioner's person contrary to the Fourth Amendment—a claim unavailable as a basis of challenging a state court conviction if the state courts were open and the question could be pursued there. See *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). While petitioner was not satisfied with the rulings of the state courts or their failure to write opinions explaining rejection of his contentions, it is clear that the state courts did entertain petitioner's contentions.

---

1. "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Article I § 9, cl 2. This provision was implemented in the first Judiciary Act, § 14, 1 Stat. 73, 81–82 (1789). See authorities cited, *Cuoco v. Quinlan,* 1993 WL 120372, 1993 U.S.Dist. LEXIS 5010 (S.D.N.Y. April 14, 1993).

## VI

Apart from the repetitious nature of the current application, "it plainly appears from the face of the petition that the petitioner is not entitled to relief," and under such circumstances Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the court "shall make an order for its summary dismissal."

Even were repetitiousness of the nature involved here to continue to recur, it would be contrary to the sanctity of the Great Writ to sanction a petitioner or enjoin further filings, but other means of protecting the resources of the court might have to be considered, such as filing without docketing further repetitious submissions.[2]

Because the petition is both repetitious and lacks merit, no certificate of probable cause shall be granted under Rule 22(b) of the Federal Rules of Appellate Procedure. For the same reasons, any appeal would not be taken in good faith and consequently *in forma pauperis* treatment is not granted under 28 U.S.C. § 1915.

SO ORDERED.

**2.** See *Schoolfield v. New York City*, 1992 WL 296691, 1992 U.S.Dist. LEXIS 17590 (S.D.N.Y. 91 Civ. 0887, Oct. 21, 1992).